IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES W. LYNCH,

    Plaintiff,

vs.

U.S. MEDICAL CENTER,

    Defendant.

CV F 03 5253 AWI WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a federal prisoner proceeding pro se. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971) and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    A <u>Bivens</u> cause of action is a judicially created counterpart to 42 U.S.C. § 1983 for claims against federal officers. Since federal officials do not ordinarily act under color of state law, constitutional violations by federal officials are generally beyond the reach of § 1983. <u>Bivens</u> established that "victims of a constitutional violation by a federal agent have a right to

1

1  recover damages against the official in federal court despite the absence of any statute conferring
2  such a right." Bivens, 403 U.S. at 396.

3      The complaint in this action consists of generalized allegations regarding conduct that
4  occurred while Plaintiff was housed at the U.S. Penitentiary at Atwater. Plaintiff, currently
5  housed at the U.S. Medical Center in Springfield, Missouri, alleges that he informed
6  psychiatrists at Atwater that he was in fear for his safety for testifying against another inmate.
7  Plaintiff also contends that he is being housed in Administrative Segregation for failing to
8  provide a urine sample. Plaintiff alleges that he can only provide a urine sample with a catheter.
9  Plaintiff sets forth no specific claims, and fails to identify what relief, if any, he seeks.

10     The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
11 unable to determine whether the current action is frivolous or fails to state a claim for relief. The
12 court has determined that the complaint does not contain a short and plain statement as required
13 by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a
14 complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
15 v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at
16 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
17 claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
18 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an
19 amended complaint.

20     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
21 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
22 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
23 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
24 there is some affirmative link or connection between a defendant's actions and the claimed
25 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
26

1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."   Failure to file an amended complaint will result in a recommendation that this action be dismissed. IT IS SO ORDERED.

Mmkd34**Dated:   September 11, 2006         /s/  William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE